# RAYMOND *v.* UNITED STATES.*

PRACTICE; APPEALS; MOTIONS; BILLS OF EXCEPTIONS; SENTENCE.

1. Under the rules of the supreme court of the District of Columbia regulating the settlement of bills of exceptions, it is within the discretión of the trial justice to make or not to make an order extending the term, in order to give further time to a party for the submission of a bill of exceptions for settlement.

2. Where a judgment once delivered has been set aside wholly or ·in part, or modified, on a rehearing, it is the better practice to permit the judgment, and the opinion in accordance with which it was delivered, to stand unaltered, and subsequently to enter the final judgment vacating or modifying the former one, in accordance with an additional opinion to that effect.

3. The right of appeal is not dependent upon the appearance of a regular bill of exceptions in the transcript of the record, however ineffectual such appeal may prove on the hearing because of such omission.

4. Where a judgment sentencing a defendant in a criminal case, and certain proceedings after verdict, are vacated on appeal·because of error occurring after the verdict, and the cause returned to the trial court to proceed *de novo* upon the verdict, it is within the discretion of the trial court to overrule a motion for a new trial and to impose the same sentence as before.

5. In the absence of a bill of exceptions from the record on appeal, it will ·be presumed by this court that the proceedings in the lower court were in all respects regular.

6. The power to affix the penalty upon conviction in a criminal case is vested exclusively in the trial court, and the appellate court is vested with no jurisdiction in respect to the exercise of that power, provided it does not exceed the statutory limit.

No. 1618. Submitted November 8, 1905. Decided November 23, 1905.

---

*See *Raymond* v. *United States*, 25 App. D. C. 555.—Reporter.

HEARING on motions and counter motions by the appellant and the appellee in an appeal from a judgment of conviction and sentence of the Supreme Court of the District of Columbia, in a proceeding for criminal libel. *Judgment affirmed.*

The facts are sufficiently stated in the opinion.

The appellant, *Albert M. Raymond,* appeared in proper person.

*Mr. D. W. Baker,* United States Attorney for the District of Columbia, for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

The appellant, Albert M. Raymond, was tried in the supreme court of the District on an indictment for libel, found guilty, and sentenced to imprisonment in the penitentiary for a term of five years. The transcript of the record on his appeal therefrom was filed October 17, 1905. On October 19 appellant filed a motion under oath, suggesting a diminution of the record, in this, that it failed to show a motion filed by him in the court below on or about July 24, 1905, for an extension of the term of the court to enable him to procure the signature of the trial justice to a bill of exceptions. This motion, prepared by the appellant himself, who is not a lawyer, contains certain recitals relating to the proceedings on the trial, which are not relevant to the subject-matter of the motion, and need not be recited. The transcript recites a motion for the extension of the term, as filed on September 26, 1905, as part of a paper intended to be a bill of exceptions. There is no recital of any order thereon, nor does it appear that the bill of exceptions therewith was approved by the trial justice. On November 2, 1905, the district attorney, on behalf of the United States, filed a motion in reply, asking to have the appellant's motion stricken from the files because of scurrilous matter there-

in contained. This was accompanied by an affidavit of the deputy clerk named in appellant's motion, to the effect that on or about July 25, 1905, he received through the mail from the appellant his motion aforesaid; that, said motion not being presented in the proper manner, the affiant did not file the same, but mentioned it to the trial justice who was at that time holding the "vacation term" of the said supreme court; that said justice instructed him to inform the appellant that he would not extend the time for filing the bill of exceptions and transcript of the record, but if appellant would file his bill of exceptions with the clerk he, the said justice, would settle and sign the same as of the date of filing; that affiant communicated these facts to the appellant personally; and that the said motion, though among the papers in the clerk's office, had never been filed or made a part of the record.

On the same day the district attorney filed a motion to dismiss the appeal on the ground that the transcript showed that the judgment was entered and the sentence imposed in a regular and formal manner, under the mandate of this court setting aside the former sentence; and that the parts of the transcript reciting the proceedings below, in a paper entitled "a bill of exceptions," cannot be considered, because the said bill of exceptions was never settled or signed by the trial justice. On November 4 the appellant filed another motion entitled "appellant's cross motion to deny appellee's motion to expunge from the record the appellant's motion to correct the record in this case." This cross motion sets up no new facts pertinent in the consideration of the question. On the same day appellant filed another motion in reply to the motion to dismiss his appeal. This contains a lengthy argument undertaking to demonstrate the errors in the proceedings on the first trial of his case, and the illegality of the final proceedings had after the return of the mandate of this court on the determination of his first appeal. On November 7, 1905, the appellant filed another motion asking to have restored to the minutes of this court an order made May 23, 1905, on his first appeal in this case, reversing the judgment below and remanding the cause

for a new trial; and also that a certified copy of said original entry of judgment as aforesaid, and a copy of the opinion then delivered, in accordance with which said entry was made, be furnished him. On November 8, 1905, the district attorney filed a motion to affirm the judgment appealed from, based on the facts relating to the condition of the record contained in his motion aforesaid to dismiss said appeal. On November 8 the appellant renewed his motion above referred to as filed November 7, 1905. On the same day appellant filed an argument in reply to the motions of the district attorney.

All of these motions and counter motions have been submitted and considered together.

The motion of the appellant suggesting a diminution of the record in respect of the omission from the transcript of his motion for an extension of the term to obtain further time for the settlement of the bill of exceptions must be denied. Had the motion been actually filed on July 24, 1905, or were we to treat its subsequent presentation to the clerk as equivalent thereto, the appellant would be in no better position than he is now, because no order for the extension of the time was made. Whether such an order shall be made, when regularly applied for, is a matter committed to the discretion of the trial justice by the rules of the supreme court of the District of Columbia regulating the settlement of bills of exception.

In view of the disposition that must necessarily be made of the case, it is unnecessary to consider the motion to strike out the several motions of the appellant, heretofore mentioned, on account of the scandalous charges therein made.

The motion hereinabove recited also, relating to the judgment and opinion of this court on a former appeal, will next be considered. The facts are these: The appellant was tried under this indictment on December 8, 1904, and found guilty. His motion for new trial was overruled on December 23, 1904, and he was sentenced to imprisonment in the penitentiary for a term of five years. From this he appealed. On May 23, 1905, the judgment was reversed and an order to that effect made.

No error was found in the proceedings on the trial in the

court below before the return of the verdict and the judgment approving the same, but as the bill of exceptions showed that, after judgment was rendered and before sentence, the court had heard certain evidence relating to the conduct of the defendant, this court considered that this was error which required the reversal of the judgment and the award of a new trial. The opinion then delivered so declared.

Within the time permitted by the rules of this court the United States moved for a rehearing. Coming to the conclusion that the error committed by the court in hearing the evidence aforesaid did not warrant a judgment of reversal setting aside the verdict and ordering a trial *de novo,* but only the judgment sentencing the defendant, this court modified its former opinion, substituting for the third and last paragraph thereof the following:

"But there is a feature of this case, which, although not noticed by either side in argument, we cannot ignore. It is the proceeding which was had after the verdict and when the defendant was called for sentence. At that time the prosecution, for what reason is not entirely apparent, reopened the case without the presence of the jury,—which, of course, had been discharged,—and adduced testimony in continuation of that which had been adduced at the trial, and this, to contradict the defendant's testimony and to break down his defense. This we must regard as a grave irregularity. It was a trial of the defendant before the court, and not before the jury, to which he was entitled; and he justly objected to it, and reserved his exception to the novel proceeding.

"Of course, it is not an unknown proceeding, although an unusual one, for the court, before pronouncing sentence, to receive suggestions, and even to make inquiry, that would result in the mitigation or the aggravation of the punishment to be imposed,—more frequently, however, in mitigation than in aggravation; and the express purpose of the inquiry then usually addressed to the defendant—whether he has anything to say why the sentence of the law should not be imposed upon him—has this very end in view. At that time the defendant may

plead a pardon, or insanity, or any other matter that would make it improper to give effect in judgment to the verdict of guilty that has been rendered by the jury; or he may protest his innocence, or his previous good character, or his peculiar circumstances, or any other matter that would tend to make his punishment lighter than it might otherwise be. But we have never understood that a cause might be retried at this stage of the proceedings, either in whole or in part, before the court, instead of the jury.

"It is very true that the defendant has already been found guilty, and the additional proof now introduced could add no greater efficacy to the verdict. But it could influence the court against the defendant, and it undoubtedly had that effect in the severity of the sentence that was rendered; and, it being a part of the case against him, the defendant had the right to have it passed upon by the jury. We believe that it is not unusual in the English practice, and not unknown in our American practice, that the court after verdict may examine into the prisoner's record, and even take testimony in regard to his previous character as a law-abiding citizen, or the contrary, although we do not hold that such practice is proper in this jurisdiction; but it does not seem to be just to an accused person that issues in the very case in which he has been found guilty should be taken up again before the court, and retried without the presence of the jury. We think that it was an irregularity to do this in the present case, for which the judgment and sentence of the court should be vacated.

"The cause will be remanded to the supreme court of the District, with directions to vacate its judgment and all the proceedings had after the verdict of the jury, and to proceed *de novo* upon such verdict. And it is so ordered."

The following additional opinion was then given on June 13, 1905:

"A motion for rehearing has been made in this case; and while said motion will not be allowed we deem it proper so far to modify the opinion and judgment heretofore rendered by this court as to provide that only the judgment and sentence of

the court below, and the proceedings had in the cause after
verdict, shall be vacated, and that the cause shall be remanded
for further proceedings therein upon the verdict in accordance
with law and the opinion of this court.   And it is so ordered."
See 25 App. D. C. 555.

The former judgment, modified in accordance with this con-
clusion, was then entered, and the mandate sent to the court
below recited the same.

As there is no recital in the minutes of an order reversing the
judgment on the former appeal and directing a trial *de novo*.
there is nothing upon which this motion can operate, and it must
be denied.

It would, no doubt, be the better practice, where a judgment
once delivered has been set aside wholly or in part, or modified.
on a motion for rehearing, to permit the same, and the opinion
in accordance with which it was delivered, to stand unaltered,
and subsequently to enter the final judgment vacating or modi-
fying the former one, in accordance with an additional opinion
to that effect.   Had this practice been followed in this case, the
interests of the appellant would not be affected, for a copy of
the vacated or modified order would be of no possible advantage
to him in the consideration of his appeal.   As it was not fol-
lowed, the foregoing statement of the facts relating thereto has
been made, that the appellant may have been the benefit thereof
in any proceeding that he may be hereafter advised to take.

The motion to dismiss the appeal must be denied, because
the right of appeal is not dependent upon the appearance of a
regular bill of exceptions in the transcript of the record, how-
ever ineffectual it may prove on the hearing because of such
omission.   While there was no order extending the time for filing
the bill of exceptions, there was one entered September 26, 1905,
extending the time to file the transcript to October 17, 1905, on
which day it was filed in this court.

The proper motion in such a case is to affirm, and that, having
been subsequently filed, presents the last question to be con-
sidered.

When the cause was returned to the trial court upon the de-

D. C.]                    Opinion of the Court.

termination of the first appeal, before referred to, a motion for new trial was made and overruled, and the trial justice proceeded to sentence the appellant to imprisonment in the penitentiary for the same term as before. Conceding that it may have been within his discretion to grant the new trial under the terms of the mandate of this court, he declined to exercise it, and certainly was not compelled to do so. The power to affix the penalty upon conviction is vested exclusively in the trial court, and the appellate court is vested with no jurisdiction in respect of the exercise of that power, provided it does not exceed the statutory limit.

As the judgment now appealed from was entered in accordance with the mandate of the court, and the sentence imposed is not in excess of the limit permitted by the statute in case of its violation, we are bound to presume, in the absence of a bill of exceptions, that the proceedings had in the court below were in all respects regular.

It is proper to remark, in view of the attack made upon the trial court in the appellant's written argument filed in opposition to the motion to affirm, that there is nothing in the unsigned bill of exceptions which he tendered below and had incorporated in the transcript, going to show that he was denied any right on the last hearing, on which error could be reasonably assigned. All of the questions therein presented, relating to the sufficiency of the indictment and the proceedings on the former trial, had been determined adversely to the appellant on the former appeal. As before said, we have nothing to do with the alleged severity of the sentence.

For the reasons given, the motion is well taken and the judgment must be affirmed. It is so ordered.               *Affirmed.*

"A motion for a rehearing was overruled December 5, 1905.

On January 30, 1906, the Supreme Court of the United States denied a petition of the appellant for the writ of certiorari."